SILBERMAN, Judge,
Concurring specially.
Michael Davis appeals his conviction for felony battery. I concur with the majority decision to affirm but write to explain my view as to the basis for the affirmance. One of the issues that Davis raises is that the trial court erred in denying his request for a one-day continuance. He made this request during trial, in the afternoon after the State rested its case, when his sole alibi witness failed to appear for trial.
Davis’s trial counsel advised the court that the witness was under subpoena; she had appeared at the last court date; she had confirmed on the prior Friday that she would be available for trial, which was held on Monday; and counsel was to telephone her shortly before she needed to appear in the courtroom. Counsel tried telephoning the witness, but no one answered. Counsel represented that the witness would establish an alibi for Davis, although the State responded that it had deposed the witness and her statements did not establish an alibi. Neither party provided the trial court with a transcript of the witness’s deposition testimony.
*3 The trial court declined to continue the case to the following day but allowed Davis’s counsel a half hour in which to try and locate the witness. Counsel was unsuccessful, and no further information was offered to the trial court. The defense then rested. After the parties presented their closing arguments, the trial court decided to stop for the evening and stated that it would instruct the jury and proceed with jury deliberations on the following morning.
In Geralds v. State, 674 So.2d 96, 99 (Fla.1996), the Florida Supreme Court stated, “To prevail on his motion for continuance, the defendant was required to show: (1) prior due diligence to obtain the witness’s presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice.” Here, it is unclear from the limited information provided to the trial corut that the witness would, in fact, establish an alibi for Davis. Because Davis did not establish that the witness would provide substantially favorable testimony and that the denial of the continuance caused material prejudice, I agree with the affirmance.